# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to: 1:18-cv-05374 / 1:18-cv-08655<br><br>DEL MAR ASSET MANAGEMENT SAVINGS AND RETIREMENT PLAN, FEDERATED LOGISTICS LLC 401K PLAN, and DAVID FREELOVE,<br><br>Third-Party Plaintiffs<br>v.<br><br>ED&F MAN CAPITAL MARKETS LTD.,<br><br>Third-Party Defendant. | MASTER DOCKET<br>18-md-2865 (LAK)<br><br>**THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS LTD.'S ANSWER TO THIRD-PARTY PLAINTIFFS DEL MAR ASSET MANAGEMENT SAVINGS AND RETIREMENT PLAN'S, FEDERATED LOGISTICS LLC 401K PLAN'S, and DAVID FREELOVE'S THIRD-PARTY COMPLAINT** |

Third-Party Defendant ED&F Man Capital Markets Ltd. ("ED&F"), for its Answer to the Third-Party Complaint, dated November 12, 2019 (the "Third-Party Complaint"), by Third-Party Plaintiffs Del Mar Asset Management Savings and Retirement Plan and Federated Logistics LLC 401K Plan and David Freelove (collectively, "Third-Party Plaintiffs") by its attorneys, Akerman LLP, alleges on knowledge as to its own acts and otherwise on information and belief, as follows:

ED&F lacks knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations that relate to any other Parties in this lawsuit, and therefore all responses below pertain only to ED&F. With respect to those allegations, including headings and subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves its right to supplement its Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend the Answer accordingly.

## ANSWER

## GENERAL DENIAL

The preliminary statement of the Third-Party Complaint against ED&F is comprised of arguments, legal conclusions, and unenumerated allegations or statements of fact to which no response is required. To the extent a response is required, ED&F denies the allegations in the preliminary statement.

## RESPONSE TO "PARTIES"

1. ED&F admits the allegations of Paragraph 1 of the Third-Party Complaint.

2. ED&F admits the allegations of Paragraph 2 of the Third-Party Complaint.

3. ED&F admits the allegations contained in Paragraph 3 of the Third-Party Complaint on information and belief.

4. ED&F denies each and every allegation contained in Paragraph 4 to the extent it asserts a characterization of ED&F's duties and obligations under the Agreements between the parties, except to admit that ED&F is headquartered at 3 London Bridge Street, London, SE1 9SG, United Kingdom.

5. ED&F denies each and every allegation contained in Paragraph 5.

## RESPONSE TO "JURISDICTION AND VENUE"

6. Paragraph 6 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 6 of the Third-Party Complaint.

7. Paragraph 7 of the Third-Party Complaint asserts legal conclusions to which no

response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 7 of the Third-Party Complaint.

8. Paragraph 8 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 8 of the Third-Party Complaint.

## RESPONSE TO "STATEMENT OF FACTS"

The headings and subheadings under the Statement of Facts section of the Third-Party Complaint contain legal conclusions or summarizing statements to which no response is required. To the extent a response is required, ED&F denies each and every allegation in the headings and subheadings under the Statement of Facts section of the Third-Party Complaint, to the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F.

9. ED&F admits the allegations of Paragraph 9 of the Third-Party Complaint.

10. The statements in Paragraph 10 of the Third-Party Complaint purport to describe the referenced Agreements between the Parties and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

11. ED&F admits the allegations of Paragraph 11 of the Third-Party Complaint.

12. The statements in Paragraph 12 of the Third-Party Complaint purport to describe the referenced Agreements between the Parties and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

13. The statements in Paragraph 13 of the Third-Party Complaint purport to describe

the referenced Agreements between the Parties and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

14. ED&F admits the allegations of Paragraph 14 of the Third-Party Complaint.

15. ED&F admits the allegations of Paragraph 15 of the Third-Party Complaint.

16. The statements in Paragraph 16 are explanatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

17. The statements in Paragraph 17 are explanatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

18. The statements in Paragraph 18 are explanatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

19. ED&F admits the allegations of Paragraph 19 of the Third-Party Complaint.

20. The statements in Paragraph 20 of the Third-Party Complaint purport to describe the referenced documents and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

21. The statements in Paragraph 21 of the Third-Party Complaint purport to describe the referenced documents and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

22. The statements in Paragraph 22 of the Third-Party Complaint purport to describe the referenced documents and do not require a response. To the extent those statements imply or

infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

23.   ED&F admits the allegations of Paragraph 23 of the Third-Party Complaint.

24.   The statements in Paragraph 24 of the Third-Party Complaint purport to describe the referenced Agreements between the Parties and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

25.   ED&F admits the allegations of Paragraph 25 of the Third-Party Complaint.

26.   ED&F admits the allegations of Paragraph 26 of the Third-Party Complaint.

27.   The statements in Paragraph 27 of the Third-Party Complaint purport to describe the referenced documents and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

28.   ED&F admits that Third-Party Plaintiffs attached Tax Vouchers as exhibits to their Third-Party Complaint.

29.   ED&F denies each and every allegation contained in Paragraph 29 of the Third-Party Complaint.

30.   Paragraph 30 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 30 of the Third-Party Complaint.

31.   ED&F denies each and every allegation contained in Paragraph 31 of the Third-Party Complaint.

32.   ED&F admits that in some instances it sent the Tax Vouchers directly to Goal Taxback Ltd. ED&F further responds that on other occasions it sent them directly to the authorized agent for the pension plan client, and in the instances in which it sent the Tax Vouchers directly to

Goal, it did so on the express instructions of the plan's authorized agent. The remaining allegations set forth in Paragraph 32 of the Third-Party Complaint do not address or refer to the acts or omissions of ED&F and no response is required. To the extent a response is required, ED&F denies each and every remaining allegation contained in Paragraph 32 of the Third-Party Complaint.

33.  Paragraph 33 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 33 of the Third-Party Complaint.

34.  The statements in Paragraph 34 of the Third-Party Complaint purport to describe the referenced documents and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

35.  Paragraph 35 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 35 of the Third-Party Complaint.

36.  ED&F admits the allegations of Paragraph 36 of the Third-Party Complaint.

37.  ED&F admits the allegations of Paragraph 37 of the Third-Party Complaint.

38.  ED&F admits the allegations of Paragraph 38 of the Third-Party Complaint.

39.  ED&F admits the allegations of Paragraph 39 of the Third-Party Complaint.

40.  The statements in Paragraph 40 of the Third-Party Complaint purport to characterize ED&F's Amended Defense filed in September 2019 in the U.K. proceeding and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

41.  The statements in Paragraph 41 of the Third-Party Complaint purport to characterize ED&F's Amended Defense filed in September 2019 in the U.K. proceeding and do

not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

42. ED&F denies each and every allegation contained in Paragraph 42 of the Third-Party Complaint.

43. The statements in Paragraph 43 of the Third-Party Complaint purport to describe the referenced documents and do not require a response. To the extent the statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

44. Paragraph 44 of the Third-Party Complaint asserts legal conclusions to which no answer is required. To the extent the allegations imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

45. Paragraph 45 of the Third-Party Complaint asserts legal conclusions to which no answer is required. To the extent the allegations imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

46. ED&F denies the allegations of Paragraph 46.

47. The allegations set forth in Paragraph 47 of the Third-Party Complaint do not address or refer to the acts or omissions of ED&F and no response is required. To the extent the allegations imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

48. The allegations set forth in Paragraph 48 of the Third-Party Complaint do not address or refer to the acts or omissions of ED&F and no response is required. To the extent the allegations imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

49. The allegations set forth in Paragraph 49 of the Third-Party Complaint do not

address or refer to the acts or omissions of ED&F and no response is required. To the extent the allegations imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

50.     Paragraph 50 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 50 of the Third-Party Complaint.

51.     The statements in Paragraph 51 are explanatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

52.     ED&F admits the allegations of the first sentence of Paragraph 52 of the Third-Party Complaint. The remaining statements in Paragraph 52 of the Third-Party Complaint purport to characterize ED&F's Amended Defense filed in September 2019 in the U.K. proceeding and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

53.     Paragraph 53 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 53 of the Third-Party Complaint.

## COUNT I
### (Fraud—The Plans v. ED&F)

54.     ED&F repeats and realleges ¶¶ 1-53 above, as if fully set forth herein.

55.     ED&F denies each and every allegation contained in Paragraph 55 of the Third-Party Complaint.

56.     ED&F denies each and every allegation contained in Paragraph 56 of the Third-Party Complaint.

57. ED&F denies each and every allegation contained in Paragraph 57 of the Third-Party Complaint.

58. ED&F denies each and every allegation contained in Paragraph 58 of the Third-Party Complaint.

59. ED&F denies each and every allegation contained in Paragraph 59 of the Third-Party Complaint.

## COUNT II
### (Negligent Misrepresentation)

60. ED&F repeats and realleges ¶¶ 1-59 above, as if fully set forth herein.

61. Paragraph 61 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 61 of the Third-Party Complaint.

62. ED&F denies each and every allegation contained in Paragraph 62 of the Third-Party Complaint.

63. ED&F denies each and every allegation contained in Paragraph 63 of the Third-Party Complaint.

64. Paragraph 64 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 64 of the Third-Party Complaint.

65. ED&F denies each and every allegation contained in Paragraph 65 of the Third-Party Complaint.

## COUNT III
### (Breach of Contract – The Plans v. ED&F)

66. ED&F repeats and realleges ¶¶ 1-65 above, as if fully set forth herein.

67. Paragraph 67 of the Third-Party Complaint asserts legal conclusions to which no

9

response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 67 of the Third-Party Complaint.

68. Paragraph 68 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 68 of the Third-Party Complaint.

69. Paragraph 69 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 69 of the Third-Party Complaint.

70. ED&F denies each and every allegation contained in Paragraph 70 of the Third-Party Complaint as it relates to ED&F.

71. Paragraph 71 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 71 of the Third-Party Complaint.

## COUNT IV
### (Breach of Fiduciary Duty—Third-Party Plaintiffs v. ED&F)

72. ED&F repeats and realleges ¶¶ 1-71 above, as if fully set forth herein.

73. ED&F denies each and every allegation of Paragraph 73 of the Third-Party Complaint.

74. ED&F denies each and every allegation contained in Paragraph 74 of the Third-Party Complaint.

75. Paragraph 75 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 75 of the Third-Party Complaint.

76. Paragraph 76 of the Third-Party Complaint asserts legal conclusions to which no

response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 76 of the Third-Party Complaint.

77. Paragraph 77 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 77 of the Third-Party Complaint.

78. Paragraph 78 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 78 of the Third-Party Complaint.

## COUNT V
### (Promissory Estoppel—Third-Party Plaintiffs v. ED&F)

79. ED&F repeats and realleges ¶¶ 1-78 above, as if fully set forth herein.

80. ED&F denies each and every allegation contained in Paragraph 80 of the Third-Party Complaint to the extent it asserts a characterization of Agreements between the parties, and respectfully refers the Court to the Agreements for their contents, in context.

81. ED&F denies each and every allegation contained in Paragraph 81 of the Third-Party Complaint to the extent it asserts a characterization of Agreements between the parties, and respectfully refers the Court to the Agreements for their contents, in context.

82. ED&F denies each and every allegation contained in Paragraph 82 of the Third-Party Complaint.

83. Paragraph 83 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 83 of the Third-Party Complaint.

84. Paragraph 84 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation

of Paragraph 84 of the Third-Party Complaint.

85. Paragraph 85 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 85 of the Third-Party Complaint.

86. Paragraph 86 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 86 of the Third-Party Complaint.

## COUNT VI
### (Unjust Enrichment—Third-Party Plaintiffs v. ED&F)

87. ED&F repeats and realleges ¶¶ 1-86 above, as if fully set forth herein.

88. ED&F admits the allegations of Paragraph 88 of the Third-Party Complaint.

89. ED&F denies each and every allegation contained in Paragraph 89 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defense filed in September 2019 in the U.K. proceeding, and respectfully refers the Court to that pleading, in context.

90. ED&F denies each and every allegation contained in Paragraph 90 of the Third-Party Complaint to the extent it asserts a characterization of SKAT's allegations against the Plans, and respectfully refers the Court to those allegations.

91. Paragraph 91 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 91 of the Third-Party Complaint.

92. ED&F admits the allegations in Paragraph 92.

93. Paragraph 93 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 93 of the Third-Party Complaint.

## COUNT VII
### (Equitable Indemnification—Third-Party Plaintiffs v. ED&F)

94. ED&F repeats and realleges ¶¶ 1-93 above, as if fully set forth herein.

95. Paragraph 95 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 95 of the Third-Party Complaint.

96. ED&F denies each and every allegation contained in Paragraph 96 of the Third-Party Complaint to the extent it asserts a characterization of SKAT's allegations against ED&F.

97. Paragraph 97 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 97 of the Third-Party Complaint.

## COUNT VIII
### (Contribution—Third-Party Plaintiffs v. ED&F)

98. ED&F repeats and realleges ¶¶ 1-97 above, as if fully set forth herein.

99. Paragraph 99 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation in Paragraph 99 of the Third-Party Complaint.

100. ED&F denies each and every allegation in Paragraph 100 of the Third-Party Complaint to the extent it asserts a characterization of SKAT's allegations against ED&F.

101. Paragraph 101 of the Third-Party Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 101 of the Third-Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

102. To the extent Third-Party Plaintiffs are injured, which ED&F denies, such damage was caused, in whole or in part, by Third-Party Plaintiffs' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

### SECOND AFFIRMATIVE DEFENSE

103. To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, Third-Party Plaintiffs' failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

104. Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

105. Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

106. Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claim preclusion and res judicata.

### SIXTH AFFIRMATIVE DEFENSE

107. Third-Party Plaintiffs' claims are barred, in whole or in part, by applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

108. Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

109. Third-Party Plaintiffs, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to its alleged injuries and damages, if any. Third-Party Plaintiffs' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by its acts and conduct.

## NINTH AFFIRMATIVE DEFENSE

110. Any damages sustained by Third-Plaintiffs as alleged in the Third-Party Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third-parties, over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

## TENTH AFFIRMATIVE DEFENSE

111. The Court lacks personal jurisdiction over ED&F.

## ELEVENTH AFFIRMATIVE DEFENSE

112. Venue is improper because the parties agreed to a specific venue.

## TWELFTH AFFIRMATIVE DEFENSE

113. The claims asserted by Third-Party Plaintiffs directly contradict the explicit terms of the relevant agreements by and between Third-Party Plaintiffs and ED&F, and should therefore be dismissed.

## FIRST COUNTER-CLAIM AGAINST THIRD-PARTY PLAINTIFFS DEL MAR ASSET MANAGEMENT SAVINGS AND RETIREMENT PLAN AND FEDERATED LOGISTICS LLC 401(K) PLAN
(Indemnification)

114. ED&F repeats and realleges ¶¶ 1-113 above, as if fully set forth herein.

15

115. In 2013 and 2014, the Plans and ED&F entered into Custody Agreements (the "Agreements") that established ED&F's contractual obligations as the Custodian for each of the Plans. The Agreements set forth the Terms and Condition of Business between ED&F as the Custodian and Del Mar Asset Management Savings and Retirement Plan (the "Del Mar Plan") and Federated Logistics LLC 401K Plan (the "Federated Plan") (collectively, the "Plans") as the Client.

116. The Plans' Custody Agreements with ED&F are attached hereto as Exhibits A and B.[1]

117. Pursuant to the binding terms of the Agreement, the Plans maintained "responsibility for the selection, acquisition and disposal of the Client Property." (Exs. A and B, at 11(m)).

118. Client Property is defined as (i) "any securities (including evidence thereof, evidence of title thereto and all rights in respect thereof) deposited or transferred by the Client or on the Client's behalf to the Custodian or a Sub-Custodian or collected by the Custodian or a Sub-Custodian for the Client's account"; and (ii) all "cash in any currency arising out of or in connection with the Client securities and any amounts standing to the credit of the Client Cash Account." (Exs. A and B, at 1.1)

119. ED&F and the Plans explicitly agreed that ED&F "does not act as manager or investment advisor to" the Plans. (Exs. A and B, at 11(m)).

120. In accordance with the parties' respective obligations under the Agreement, the Plans conceived, structured, and directed each Danish Securities transaction that ED&F executed on behalf of the Plans.

---

[1] The parties to the Del Mar agreement are ED&F Man and Hamlyn LP. Del Mar was a limited partner in Hamlyn LP.

121. Pursuant to the Agreement, the Plans agreed to indemnify ED&F "fully and effectively [] against each liability, loss and cost which may be suffered or incurred by" ED&F in connection with "the Client Property, this Agreement, or the performance of [ED&F's] obligations under this Agreement." (Exs. A and B, at 16(a)(i)).

122. The Plans also agreed to indemnify ED&F "fully and effectively" against "any Tax for which [ED&F] is or may be liable or accountable in connection with the Client Property, this Agreement or the performance of [ED&F's] obligations under this Agreement (including without limitation the purchase and/or sale of Client Securities, the collection and/or realisation of coupons, dividends, interest or other payments, the receipt of or entitlement to receive any income, and the Custodian acting as or being deemed to be a trustee, branch, or agent of the Client)." (Exs. A and B, at 16(a)(ii)).

123. Thus, while ED&F denies any and all liability, in the event that judgment is entered against it in any action or proceeding, either in this jurisdiction, in the English Action, or in any other proceedings based upon the tax reclaim applications submitted by or on behalf of the Third-Party Plaintiffs for the transactions in Danish Securities executed by ED&F Man at their direction, ED&F is entitled to complete indemnification by the Plans pursuant to the Agreement, including for all costs incurred, as ED&F fully satisfied its obligations therein.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Third-Party Defendant ED&F Man Capital Markets Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs Del Mar Asset Management

Savings and Retirement Plan, Federated Logistics LLC 401K Plan, and David Freelove, as follows:

    i. Dismissing the Third-Party Third-Party Complaint as against ED&F in its entirety;

    ii. Judgment in favor of ED&F against the third-party plaintiffs;

    iii. Judgment ordering full and complete indemnification should ED&F be found liable to any extent;

    iv. An award of reasonable attorneys' fees and costs; and

    v. Such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
March 2, 2020

**AKERMAN LLP**

/s/ *Brian S. Fraser*
Brian S. Fraser (brian.fraser@akerman.com)
Kristen G. Niven (kristen.niven@akerman.com)
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel. (212) 880-3800
Fax (212) 905-6458
*Attorneys for Defendant ED&F Man Capital Markets Ltd.*